UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA TOVAR, on behalf of herself and others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>LGCY POWER, LLC, et al.,<br><br>        Defendants. | Case No.: 25-cv-02627-AJB-MSB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL INDIVIDUAL ARBITRATION**<br><br>**(Doc. No. 3)** |

  Before the Court is Defendant LGCY Power, LLC's ("Defendant") motion to compel individual arbitration and stay all proceedings.[1] (Doc. No. 3.) For the reasons set forth below, the Court **GRANTS** Defendant's motion to compel arbitration, **DISMISSES without prejudice** Plaintiff's class claims, and **STAYS** the action pending completion of arbitration.

---

[1] Pursuant to the Local Civil Rules of Practice for the United States District Court for the Southern District of California ("Local Rules"), the Court deems this motion suitable for determination on the papers and without need for oral argument. CivLR 7.1.d.1.

## I. BACKGROUND

### A. Factual Background

On October 20, 2024, Plaintiff signed an arbitration agreement with Defendant. (Doc. No. 3-2.) The arbitration agreement includes the following provisions:

1. **Scope** Any and all Covered Claims (as defined below) between the Individual and the Company shall be submitted to and resolved exclusively by final and binding individual arbitration in accordance with this Agreement to the maximum extent permitted by law.

2. **Covered Claims** The term Covered Claims includes any and all claims, causes of action, or other disputes of any kind, whether or not arising out of any employment relationship that may exist between the Individual and the Company, that the Company may have against the Individual, or that the Individual may have against the Company or against its directors, officers, shareholders, employees or agents. However, the term Covered Claims does not include those claims set forth below in Paragraph 3 of this Agreement. Covered Claims include, but are not limited to, any claim, cause of action, or dispute of any nature relating to the Individual's employment with Company, . . . failure to pay wages, bonuses or any other form of compensation, failure to provide rest or meal periods, failure to pay on time, wage statement or pay stub violations, failure to provide or compensate for vacation time, paid time off, or sick leave, [and] tortious acts[.] Covered Claims shall include any and all procedural, substantive and gateway issues, including, without limitation, any dispute between the Parties relating to the scope of the arbitrator's powers, the interpretation or enforceability of this Agreement or any part thereof, or the arbitrability of any dispute.

(*Id.* ¶¶ 1–2.)

Claims excluded from the Arbitration Agreement include:

a) any dispute regarding the meaning, interpretation or enforceability of Paragraph 5, below;

b) any claim for state workers' compensation, state or federal disability insurance benefits, or state unemployment insurance benefits or other health or welfare benefits under government-administered programs, except that any claim alleging retaliation by the Company related to the Individual's pursuit of such benefits shall be subject to individual arbitration under this Agreement;

  c) any claim for benefits under an employee benefit plan governed by the Employee Retirement Income Security Act of 1974 (ERISA), but only until the administrative procedures stated in the employee benefit plan have been exhausted, at which point any further appeal shall be a Covered Claim under this Agreement;

  d) any administrative claim or charge with the Equal Employment Opportunity Commission (EEOC) and/or any similar state or local agency to investigate alleged violations of laws enforced by the EEOC or those agencies.

  e) any administrative charges for unfair labor practices or other complaints or proceedings brought before the National Labor Relations Board;

  f) any disputes as to whether a claim or dispute falls within the definition of excluded claims as set forth in this Paragraph 3, which must be decided only by a court of competent jurisdiction located in Utah County, Utah; and

  g) any other claim that is not subject to arbitration by operation of law.

(*Id.* ¶ 3.)

Additionally, "[a]ll Covered Claims under this Agreement shall be submitted and arbitrated on an individual basis only," and that "[t]he Parties expressly waive any right to submit, initiate, assert, or participate in any class . . . action involving any other person[.]" (*Id.* ¶ 5.) The parties agreed the Arbitration Agreement is to be governed primarily by the Federal Arbitration Act and secondarily by the laws of the State of Utah, if the FAA is deemed or construed to not apply for any reason. (*Id.* ¶ 4.)

  **B.** **Procedural Background**

On August 21, 2025, Plaintiff, an allegedly non-exempt employee of Defendant, filed a putative wage and hour class action complaint in the Superior Court of the State of California for the County of San Diego, Case No. 25CU044343C, on behalf of herself and other similarly situated hourly non-exempt employees of Defendant who worked in California as "independent contractors" from the four years prior to the filing of complaint. (*See* Doc. No. 1-2 at 4–30, Complaint. ("Compl.").) Plaintiff alleges seven causes of action:

1  (1) Declaratory Relief; (2) Willful Misclassification; (3) Failure to Pay Overtime Wages;
2  (4) Failure to Authorize or Permit Meal Periods; (5) Failure to Authorize or Permit
3  Required Rest Periods; (6) Failure to Provide Complete and Accurate Wage Statements;
4  and (7) Unfair Business Practices. (*Id.*)

5  On October 3, 2025, Defendant removed this action from the San Diego Superior
6  Court pursuant to the Class Action Fairness Act of 2005. (Doc. No. 1.) A week later,
7  Defendant filed the instant motion to compel individual arbitration and stay all
8  proceedings. (Doc. No. 3.) On October 15, 2025, the Court issued a briefing schedule,
9  setting October 29, 2025, as Plaintiff's deadline to respond to the motion. (Doc. No. 4.)

10 On November 3, 2025, Plaintiff brought a motion to remand (Doc. No. 7), which the
11 Court denied on December 4, 2025 (Doc. No. 17). Since the filing of Defendant's motion,
12 Plaintiff has not filed an opposition or otherwise addressed the instant motion to compel
13 arbitration.

14 **II.     LEGAL STANDARD**

15 The Federal Arbitration Act ("FAA") applies to contracts "evidencing a transaction
16 involving commerce." 9 U.S.C. § 2; *Brennan v. Opus Bank*, 796 F.3d 1125, 1129 (9th Cir.
17 2015). The Supreme Court has enunciated a "liberal federal policy favoring arbitration."
18 *AT&T Mobility LLC v.*, 344 (2011) ("The overarching purpose of the FAA . . . is to ensure
19 the enforcement of arbitration agreements according to their terms so as to facilitate
20 streamlined proceedings."). The FAA "leaves no place for the exercise of discretion by the
21 district court, but instead mandates that district courts *shall* direct the parties to proceed to
22 arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter*
23 *Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

24 Accordingly, under the FAA, the Court must, as a general matter, determine "two
25 'gateway' issues: (1) whether there is an agreement to arbitrate between the parties; and
26 (2) whether the agreement covers the dispute." *Brennan*, 796 F.3d at 1130. If the two
27 factors are met, the Court must enforce the arbitration agreement in accordance with its
28 precise terms. *Kilgore v. KeyBank, Nat. Ass'n*, 673 F.3d 947, 955 (9th Cir. 2012), *on reh'g*

*en banc,* 718 F.3d 1052 (9th Cir. 2013). These gateway issues, however, "can be expressly delegated to the arbitrator where 'the parties *clearly and unmistakably* provide otherwise.'" *Brennan,* 796 F.3d at 1130 (emphasis added) (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986)).

The party seeking to compel arbitration "has the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence." *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014). "In determining whether a valid arbitration agreement exists, federal courts apply ordinary state-law principles that govern the formation of contracts." *Heckman v. Live Nation Ent., Inc.*, 120 F.4th 670, 680 (9th Cir. 2024), *cert. denied sub nom. Live Nation v. Heckman*, No. 24-1145, 2025 WL 2823733 (U.S. Oct. 6, 2025). "Thus, generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening" federal law. *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996).

### III. REQUEST FOR JUDICIAL NOTICE

Defendant requests the Court take judicial notice of the JAMS Employment Arbitration Rules & Procedures, effective June 1, 2021. (*See* Doc. No. 3-3.) Plaintiff did not object.

At the request of a party, the court must take judicial notice of a fact that is "not subject to reasonable dispute, so long as the court is supplied with the necessary information. Fed. R. Evid. 201(b), (c)(2). A fact is "not subject to reasonable dispute where it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "A court may take judicial notice of the existence of matters of public record, such as a prior order or decision, but not the truth of the facts cited therein." *Marsh v. S.D. Cnty.*, 432 F. Supp. 2d 1035, 1043 (S.D. Cal. 2006).

These rules and procedures are not subject to reasonable dispute and other courts commonly grant judicial notices of JAMS rules. *See, e.g.*, *Cooper v. Adobe Sys. Inc.*, No. 18-CV-06742-BLF, 2019 WL 5102609, at *4 (N.D. Cal. Oct. 11, 2019) ("JAMS rules are

a matter of public record and therefore subject to judicial notice."); *Estrada v. KAG W., LLC*, No. 1:24-CV-00257-KES-CDB, 2025 WL 2829425, at *1 n.1 (E.D. Cal. Oct. 6, 2025) ("Similarly, the JAMS rules are a matter of public record not subject to reasonable dispute and are properly subject to judicial notice."); *Nguyen v. Marketsource, Inc.*, No. 17-CV-02063-AJB-JLB, 2018 WL 2182633, at *2 (S.D. Cal. May 11, 2018) (granting the defendant's request to take judicial notice of the JAMS Employment Arbitration Rules & Procedures and JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness). Accordingly, the Court **GRANTS** Defendant's request and takes judicial notice of the JAMS Employment Arbitration Rules & Procedures, effective June 1, 2021.

## IV.    MOTION TO COMPEL ARBITRATION

Plaintiff failed to file an opposition. (*See generally* Docket.) Accordingly, pursuant to the Local Civil Rules of Practice for the United States District Court for the Southern District of California, the Court construes Plaintiff's lack of response as consent to the granting of Defendant's motion. *See* CivLR 7.1.f.3.c.

### A.    Validity of the Arbitration Agreement

First, the Court must consider whether a valid arbitration agreement exists. *See Brennan*, 796 F.3d at 1130. Defendant provides as an exhibit to its motion the Arbitration Agreement electronically signed by Plaintiff with the "I Accept" box checked. (*See* Doc. No. 3-2 at 14.) The Arbitration Agreement is additionally electronically signed by Doug Robinson, Defendant's Chief Executive Officer. (*Id.*) Defendant asserts that Plaintiff "voluntarily" entered into the Agreement. (Doc. No. 3 at 15.) Plaintiff does not contest that she signed the Agreement, nor does she raise any defense to the contract's formation or enforcement. (*See generally* Docket.) There are no indications on the record before the Court that the Arbitration Agreement is invalid or unenforceable. Accordingly, the Court finds the Arbitration Agreement to be valid and enforceable.

///

///

### B. Scope of Arbitration Agreement

Second, the Court must determine whether Plaintiff's claims fall within the scope of the Agreement. *See Brennan*, 796 F.3d at 1130. Defendant asserts that the "broad" language of the Agreement "covers all of the claims Plaintiff alleges in the Complaint in this action, which asserts LGCY Power allegedly misclassified her, failed to pay her overtime, failed to provide her meal and rest breaks, failed to provide her accurate or compliant wage statements, and allegedly engaged in unfair business practices." (Doc. No. 3 at 15–17.) In the complaint, Plaintiff alleges seven causes of action, all "relating to the Individual's employment with Company," including "failure to pay wages, . . . failure to provide rest or meal periods, . . . wage statement or pay stub violations," and a "violation[] of . . . public policy." (*Compare* Compl. *with* Doc. No. 3-2 ¶ 2.) None of Plaintiff's individual claims implicate those listed as Excluded Claims. (*Compare* Compl. *with* Doc. No. 3-2 ¶ 3.) Accordingly, the Court finds Plaintiff's individual claims fall within the scope of the Arbitration Agreement and **GRANTS** Defendant's motion to compel Plaintiff's individual claims to arbitration.

### C. Dismissal of Class Claims

Defendant argues the Court should either dismiss Plaintiff's putative class action claims due to the class action waiver contained in the Agreement or transfer the remainder of the action to the District of Utah pursuant to 28 U.S.C. § 1404(a). (Doc. No. 3 at 18.) The parties agreed that "[a]ll Covered Claims under this Agreement shall be submitted and arbitrated on an individual basis only," and that "[t]he Parties expressly waive any right to submit, initiate, assert, or participate in any class . . . action involving any other person[.]" (*Id.* ¶ 5.) Plaintiff does not contest the validity of this waiver. *Cf. Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 502 (2018) ("In the Federal Arbitration Act, Congress has instructed federal courts to enforce arbitration agreements according to their terms—including terms providing for individualized proceedings."). Moreover, Plaintiff does not contest that, because her individual claims are subject to arbitration, she herself would not be able to sustain her class claims as an adequate representative. Accordingly, finding them to be

barred by waiver, the Court **DISMISSES without prejudice** Plaintiff's class action claims.

### D. Stay of the Action Pending Individual Arbitration

Having dismissed Plaintiff's class claims and compelled to arbitration all individual claims, the Court finds that a stay of the action pending completion of individual arbitration to be proper. *See Blair v. Rent-A-Ctr., Inc.*, 928 F.3d 819, 832 (9th Cir. 2019) ("Under 9 U.S.C. § 3, a district court must stay proceedings for claims and issues 'referable to arbitration' pending resolution of the arbitration.").

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion and further **ORDERS**:

1. Plaintiff's individual claims are **COMPELLED** to arbitration in compliance with the parties' Arbitration Agreement.

2. Plaintiff's class claims are **DISMISSED without prejudice**.

3. The instant action is **STAYED** pending completion of arbitration of Plaintiff's individual claims.

4. The parties are **DIRECTED** to file a joint status report, informing the Court of the status of arbitration **no later than April 6, 2026**, and **every 60 days thereafter**.

**IT IS SO ORDERED.**

Dated: December 5, 2025

Hon. Anthony J. Battaglia
United States District Judge